FINDING OF FACT AND RECOMMENDATION OF THE CLAIM INVESTIGATOR
In compliance with W.Va. Code §14-2A-12(d) and (e), the Claim Investigator of the Court of Claims finds as follows:
1. Matthew A. Spiker, a newborn infant child, the claimant’s adoptive son, was the victim of criminally injurious conduct sometime between January 3, 1989, and April 9, 1989, in Ridgeley, Mineral County. (See Exhibit No. 3).
2. The victim, a newborn infant child, was physically abused and neglected by the child’s natural parents. The infant was taken to the Sacred Heart Hospital, Cumberland, Maryland on May 1, 1989, at 10:16 p.m. The infant had been treated earlier on this date for an injury to his right arm and diagnosed as having a pinched nerve. The child’s parents offered crib entrapment as an explanation for the infant’s injury. The treating physician’s opinion was that the injury was caused by direct •trauma to the limb. The parents were allowed to leave with the infant and transport him to a nerve specialist in Washington, D.C. The case worker from the West Virginia Department of Human Services was to visit the home on May 11, 1989, to further investigate the infant child’s injury. On May 10, 1989, Ruby Memorial Hospital in Morgantown contacted the Department of Human Services and advised that the infant had been transported to their hospital from- Memorial Hospital, Cumberland, Maryland sometime during the late p.m. hours of. May hemorrhage (which is a hemorrhage around the brain), brain edema, fractured right humerus, and *211 several fractured ribs on the left side. The infant also suffered seizures. It was the attending physician’s opinion that the injuries occurred between the ages of one day and one week old. It as also his opinion that the injuries were the result of severe trauma inflicted upon the infant. The infant was comatose and in very critical condition. It is the opinion of the medical professional involved in this case-that the infant child has no hope of sufficiently recovering from his injuries to function as a normal person. (See Exhibit No. 3, pp. 21 through 23.) ■ ■
Respectfully submitted June 10, 1994.
3. Sacred Heart Hospital reported the incident to law-enforcement officials on-May 1, 1989. (See Exhibit No. 3 p. 21.)
4. Exhibit No. 1 is held for IN CAMERA inspection by the Court.
5. The victim was admitted to Ruby Memorial Hospital and was treated for a skull fracture, hemorrhage around the brain, brain edema, fractured right humerus and several fractured ribs. The victim also suffered seizures. (See Exhibit No. 2)
6. The victim is the biological son of the offenders.
7. The alleged offenders, Richard L. Junkins, Jr., and Lisa Ann Junkins, natural parents of the victim, were never arrested or charged with this crime. (See Exhibit No. 1.)
8. On July 24, 1991, the Circuit Court of Jefferson County, granted parental right and custody, care, control and guardianship of the victim to Frank L. Spiker, claimant, and Tamela Leigh Spiker, husband and wife. (See Exhibit No. 2.)
The victim was a recipient of medical benefits from the Department of Human Services (DHS) at the time of his injuries. All medical expenses which are being incurred by the claimant are eligible for reimbursement by DHS, a collateral source. The claimant suffered no unreimbursed medical expense loss.
However, because the victim suffered permanent injuries prior to January 1, 1992, under W.Va. Code §14-2A-14(g) he is eligible for a noneconomic award of pain and suffering (see exhibit no. 4), a matter to be considered by the Court in its discretion.
Doug Ratliff, CLAIM INVESTIGATOR